FILE

FEB 2 6 2002

SAMUEL L. KAY, Cl.
District & Ba...

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF WEST VIRGINIA
BLUEFIELD

JOHN F. HALE, JR.

    Petitioner,        CIVIL ACTION NO. 1:01-0975
                             (CRIMINAL NO. 1:98-00100)

V.

UNITED STATES OF AMERICA,

    Respondent,        HONORABLE DAVID A. FABER
_____/


### RESPONSE TO PROSECUTING ATTORNEY'S RECOMMENDATION TO DENY JOHN F. HALE, JR'S MOTION TO VACATE SENTENCE PURSUANT TO 28 U.S.C. § 2255

    Comes now the petitioner John F. Hale, Jr. Pro-Se and respectfully requests this Honorable Court not to deny his Motion To Vacate, Set Aside, Or Correct Sentence Pursuant To 28 U.S.C. § 2255. For the reasons provided herein.

    This is a Pro-Se motion and as such is to be held to less stringent standards then those drafted by an attorney. See **CRUZ V. BETO**, 405 U.S. 319 (1972) **HAINES V. KERNER**, 404 U.S. 519 (1972). The allegations in a Pro-Se motion must be taken as true and construded in favor of the defendant. See **MALONE V. COLYER**, 710 F. 2d. 258, 260, (6th Cir. 1983.

    In support thereof, Petitioner states as follows:

In order to put the inquiry into perspective, A brief review of the relevant facts is appropriate.

In 1999 petitioner John F. Hale Jr. was named in three separate federal indictments. In Case No. 1:98-00100-01 petitioner was charged in a Seven Count indictment with a number of offenses related to aiding and abetting a bank fraud. In Case No. 1:98-00103-01 petitioner was charged in a Six Count indictment with various instances of tax evasion. Finally in Case No. 1:98-00193-01 petitioner was charged in a single Count indictment with being a felon in possession of a firearm in violation of 18 U.S.C. § 922(g)(1) and 924 (a)(2). Petitioner was convicted at trial of Counts One through Seven in case No. 1:98-00100-01 and the One Count in Case No. 1:98-00193-01. With regard to the tax evasion charges in Case No. 1:98-00103-01 petitioner pled guilty to Count One and the remaining Counts were dismissed upon motion by the United States.

Following the disposition of the three indictments brought against petitioner the cases were consolidated for sentencing. In the judgement in a criminal case entered by the district court on July 30, 1999, Petitioner was sentenced to a total term of imprisonment of 78 months. Petitioner requested that lead counsel Mr. James B. Lees, Jr. file a timely Notice Of Appeal and perfect a brief as to errors made at trial and/or sentencing.

After sentencing and petitioner's subsequent incarceration attorney Lees stated that he was waiting to see what happen with petitioner's codefendant's appeal before filing an appeal on the instant case.

After a number of months passed, petitioner began inquiring when attorney Lees would perfect his brief to file on his appeal. Petitioner even requested to review a copy of his codefendant's appellate brief. See Exhibit A.[1]

---

1. This is the same exhibit that petitioner accidently forgot to produce in his initial petition. Note: this exhibit was sent certified mail and was acknowledged received by Lees Esq. through return receipt.

Attorney Lees failed to respond for nearly one year. However, on June 7, 2001 a response was finally received. See Exhibit B.[2] Letter of June 7, 2001 from Hunt & Lees, L.C.

Attorney Lees response of June 7, 2001 demonstrates his apparent confusion, whether legitimate or manifested, concerning the fact that he represented me in Three(3) criminal indictments: Two (2) of which went to jury trial and were to be appealed.

Attorney Lees simply wrote that " In light of your guilty plea to certain charges" Petitioner "advised [Lees] during the appropriate appeal period not to file an appeal... See Exhibit B.

Petitioner acknowledges that he did not wish to appeal case number 1:98-00103-01 (Tax Evasion) the only indictment of the three that petitioner plead guilty upon.

Nevertheless, attorney Lees June 7, 2001 response makes no mention of the instant case, 1:98-00100-01, nor case number 1:98-00193-01- Both jury trials.

The fact remains, nevertheless, that petitioner requested that attorney Lees file an appeal, and he failed to do so.

The government contends that petitioner's Motion To Vacate, Set Aside, Or Correct Pursuant To 28 U.S.C. § 2255 should be denied due to the petitioner's failure to satisfy the applicable time limitation on the Anti-Terrorism And Death Penalty Act Of 1996 (AEDPA).

---

2. This exhibit was accidently left off petitioner's initial 2255 motion. also this exhibit is the one the prosecuting attorney states that " Defendant did not, however, attach any exhibits to the pleading provided to the United States". Please See "United States Response To Movant John F. Hale Jr. S Motion To Vacate Sentence Pursuant Vacate Sentence Pursuant to 28 U.S.C. § 2255. (page 4)

Petitioner's request in his 2255 motion is that this Honorable Court grant his motion and Vacate and immediately reinstate judgement of conviction, thereby allowing Mr. John F. Hale Jr. (Petitioner Herein) another opportunity to appeal.

Mr. John F. Hale Jr. maintains not just that counsel failed to file the direct appeal, but that counsel so failed after being instructed by Mr. Hale to file the notice of appeal and that counsel falsely assured him that he would under some circumstances. See Exhibit A.

Mr. Lees [Defense Attorney] acts were prejudicial to the administration of justice, by misleading his criminal defendant client such that the client waived the right to appeal his sentence, Mr. Lees deprived his client of an important right. The ends of justice are surely thwarted when an integral part of the judicial system - The appeal is not available to a criminal defendant because of the dishonesty of his attorney.

ARGUMENT

Courts have found that a defendant has been denied effective assistance of counsel when the malfeasance or nonfeasance of his or her counsel effectively deprived the defendant of the right to appeal. **WILLIAMS V. LOCKHART** 849 F. 2d. 1134, 1137, (8th Cir. 1988) **CASTELLANOS V. UNITED STATES,** 26 F. 3d. 717 (7th Cir. 1994) **UNITED STATES V. PEAK** 992 F. 2d. 39, 42 (4th Cir. 1993). **UNITED STATES V. HORODER** 993 F. 2d. 191, 195 (9th Cir. 1993). **RESTREPO V. KELLY.** 178 F. 3d. 634 (2nd. Cir. 1999.

"Request" is an important ingredient in this formula. A lawyer need not appeal unless the client wants to pursue that avenue. The constitution does not require a lawyer to advise the client of the right to appeal. The duty rests principally on the judge-and even if both judge and counsel forget to provide this advise, most defendants know about the possibility of appeal and cannot complain if they are not furnished redundant information. "Counsel will not be found ineffective per se for failure to appeal an appealable judgement, only a failure to appeal a judgement that the defendant desires to appeal is problematic. If the defendant wants to take an imprudent appeal, the lawyer properly may try to talk him out of it, But if the defendant nonetheless insists on appealing like in the case at bar, the lawyer must file the notice of appeal and represent his client earnestly unless relieved by the court of appeals.

"[T]he right to be represented by counsel" on direct appeal from a conviction as well as at the criminal trial "is among the most fundamental of rights." **PENSON V. OHIO** 488 U.S. 75, 84-85, 109 S. Ct. 346, 102 L.Ed. 2d. 300 (1988).

As a general matter, it is through counsel that all other rights of the accused are protected: " Of all the rights that an accused person has, the right to be represented by counsel is by far the most pervasive, for it affects his ability to assert any other rights he may have." Schaefer Federalism and State Criminal Procedure. 70 Harv. L. Rev 1, 8 (1956): See also **KIMMELMAN V. MORRISON**, 477 U S.365 377, 106 S. Ct 2574, 91 L. Ed. 2d.305(1986) **UNITED STATES CRONIC**. 466 U.S. 648, 654, 104 S. Ct. 2039, 80 L.Ed.2d. 657 (1984).

The need for forceful advocacy does not come to an abrupt halt as the legal proceeding moves from the trial to appellate stage. Both stages of the prosecution, although perhaps involving unique legal skills, require careful advocacy to ensure that rights are not forgone and that substantial legal and factual arguments are not inadvertently passed over. As stated in **EVITT V. LUCEY,** 469 U.S. 387, 105 S. Ct. 830, 83 L. Ed. 2d. 821 (1985).

> " In bringing an appeal as of right from his conviction " a criminal defendant is attempting to demonstrate that the conviction, which its consequent drastic loss of liberty, is unlawful. To prosecute the appeal, a Criminal appellant must face an adversary proceeding that like a trial - is governed by intricate rules that to a layperson would be hopelessly forbiding. **An unrepresented appellant like an unrepresented defendant at trial is unable to protect the vital interests at stake.**
> PENSON V. OHIO, 488 U.S. 75, 84-85, 109 S. Ct. at 396

Accordingly, the Sixth Amendment guarantees a criminal defendant the right to counsel on his first appeal as of right. **DOUGLAS V. CALIFORNIA,** 372 U.S. 353, 356, 83 S. Ct. 814, 9 L. Ed. 2d. 811 (1963). It also guarantees him the effective assistance of counsel on such an appeal. **EVITTS V. LUCEY,** 469 U.S. 387, 396, 105 S. Ct. 830, 83 L. Ed. 2d. 821 (1985).

The "[a]ctual or constructive denial of the assistance of counsel altogether." whether at the trial level or in a first appeal as of right, is constitutional error. **PENSON V. OHIO,** 488 U.S. at 88, 109 S. Ct. 346 (quoting **STRICKLAND V. WASHINGTON,** 466 U.S. 668, 692, 104 S. Ct., 2052, 80 L.Ed. 2d. 674(1984). Actual denials of counsel include the courts failing to grant a defendants request for assignment of counsel See, e.g. **COLEMAN V. THOMPSON,** 501 U.S. at 742, 111 S. CT. 2546 and the court's allowing counsel to withdraw without appointing new counsel, See e.g. **PENSON V. OHIO,** 488 U.S. at 81-84, 109 S. Ct. 346.

Constructive denials of counsel include counsel's total or near-total derelictions in representation **JENKINS V. COOMBE**, 821 F. 2d. 158, 161 (2nd Cir. 1987)(filing cursory five-page brief on appeal), Cert. denied, 484 U.S. 1008, 108 S. Ct. 704, 98 L. Ed. 2d. 655 (1988): **TIPPINS V. WALKER**, 77 F. 3d. 682, 686, (2d. Cir. 1996) Sleeping through trial): **CASTELLANOS V. UNITED STATES**, 26 F. 3d. 717, 720 (7th Cir. 1994)(failing to honor defendant's instruction to file a notice of appeal). **UNITED STATES V. PEAK**, 992 F. 2d. 39, 42, (4th Cir. 1993)(Same). Thus "[i]f the defendant told his lawyer to appeal" from the conviction, "and the lawyer dropped the ball, then the defendant has been deprived, not of effective assistance of counsel but of any assistance of counsel on appeal. Abandonment is a **PER SE** violation of the sixth amendment." **CASTELLANOS V. UNITED STATES**, 26 F.3d. 718 (emphasis in original): id, at 720 (" a lawyer's abandonment of his client is ineffective per se.").

B.

The government contends that the petitioner should not be allowed an out of time appeal due to petitioner violating the one-year time limitation on the Anti-Terrorism And Death Penalty Act of 1996 (AEDPA).

Petitioner attributes his delay to his trial counsel's failure to file his direct appeal when instructed upon.

Thus the question here becomes: Did Mr. Hale consent to the abandonment of his appeal? Did defense counsel Mr. Lees dropped the ball when Mr. Hale requested an appeal to be filed? Is Mr. Hale's memory playing tricks on him? Is he making it all up in a desperate effort to have the appeal he willingly bypassed? Or did Mr. Hale's Lawyer render ineffective assistance.

Mr. Hale states that he never gave attorney Mr. Lees consent to abandon his direct appeal rights, Nor is he fabricating any of this up in order to get an out of time appeal.

Moreover, in Mr. Hale's initial 2255 motion that was filed in this Honorable Court on October 25, 2001, was an attachment affidavit signed by Mr. Hale swearing under oath and under the penalty of perjury that all statements given on that date are true and accurate to the best of his knowledge.

The government did not contest nor disputed the accuracy of Mr. Hale's affidavit, Nor did the government produce an affidavit from attorney Mr. Lees to contradict Mr. Hale's affidavit. The government's solely reason to deny Mr. Hale's 2255 petition is his failure to satisfy the applicable time limitations on the Anti-Terrorism And Death Penalty Act Of 1996 (AEDPA).

In **UNITED STATES V. PEAK**, 992 F. 2d. 39, (4th Cir. 1992) it was said:

> " Those whose right to appeal has been frustrated " should be treated exactly like any other appellants they should not be given an additional hurdle to clear just because their rights were violated at some earlier stage in the proceedings.

Mr. Hale shouldn't be punished for his attorney's negligence. He respectfully request that this Honorable Court take the longer but proper path of figuring out what really happen in this case.

In **BECTON V. BARNETT,** 920 F. 2d. 1190, (4th Cir. 1990) it was said:

> " There was a potential factual dispute as to " whether the petitioner had actually requested his attorney to file the notice of appeal. Hence, we simply remanded for an evidentiary hearing.

Mr. Hale, respectfully request that his affidavit that was attached in his initial 2255 motion should be taken as true and correct. And in the event that an affidavit placing material facts in dispute is presented at the hearing of this case, an evidentiary hearing will be necessary and is hereby respectfully requested.

Based upon the foregoing, Petitioner prays that this Honorable Court grant his Motion and vacate and immediately reinstate Petitioner's judgement of conviction, thereby allowing him another opportunity to appeal. And with respect to petitioner's Motion for Appointment of Counsel it is respectfully requested that this Honorable Court grant petitioner's Motion contingent upon his demonstration of financial eligibility[3] for appointed counsel in accordance with the Criminal Justice Act, 18 U.S.C. § 3006A and appoint the Federal Public Defender's Office as Petitioner's counsel for the purpose of timely filing petitioner's Notice Of Appeal and carrying forward with his appeal if petitioner qualifies for appointed counsel.

---

3. Petitioner has put in a request for a current print-out of his institution funds to prove he is indigent. but its not available at the time of this writing.

I, John F. Hale, Jr. Hereby attest that all matters alleged to in the foregoing **RESPONSE TO PROSECUTING ATTORNEY'S RECOMMENDATION TO DENY JOHN F. HALE, JR'S MOTION TO VACATE SENTENCE PURSUANT TO 28 U.S.C. § 2255,** are true and correct to the best of my knowledge.

Executed On This 19 Day Of February 2002.

Respectfully Submitted

*[signature: John F. Hale Jr.]*
John F. Hale Jr. Pro-Se
Reg# 05708-088-A-1
F.P.C. Ashland
P.O. Box 6000
Ashland KY, 41105-6000

-10-

#05708-088
PO BOX 6001
ASHLAND, KY 41105

11/15/00

Mr. James B. Lees, Jr., Esq.
Hunt & Lees, A Legal Corporation
2306 Kanawha Blvd. E.
P.O. Box 2508
Charleston, WV 25329-2506

        Re: **MEETING INQUIRY/SENTENCING REDUCTION**
              Certified Mail# 7000 0520 0013 4236 0317

Dear Jim,

    I am writing you with regard to a couple of major concerns, I have about the status of my case. First, I would like to give you a background on what we have discussed in my case and where we were suppose to be going, based on your legal guidance.

    After the completion of my last trial, you indicated, "we have good issues to appeal, with a 33% percent chance to win, on about that appeal. Once I came to prison I asked you about that appeal and what was going on with the appeal. You indicated that the appeal you were talking about was before the trial judge. You encouraged me to wait and see what happen with my co-defendant's appeal before I should consider filing an appeal myself. You also noted that I should wait before I take an appeal because you felt if I would give the judge time to cool down you could go back before him under a rule 35 motion and ask for a sentencing reduction.

    Myself and family members, as you know, have exercised a level of faith in your experienced legal guidance. I have called your office from October/1999 until this date to get an update on my case and my co-defendant's case, specifically requesting for a copy of his appellate brief. I would like to discuss exactly what your intentions were on when and how you are getting my sentence reduced within one year, and if not, when can we start our direct appeal. Once the one year was fastly approaching and still not talking to you, nor getting our scheduled visits, I personally reviewed the federal criminal procedures under Rule 35, and I was really left confused to how you could get my sentence reduced. If you cannot make our next schedule meeting to clarify my concerns, I would appreciate if I could get a letter from you addressing my expressed concerns.

    Your correspondence addressing my concerns would assist myself and loved ones to determine our future legal position, and of course, hopefully with your assistance, filing my appeal seems

Exhibit A    1 of 5

Letter to, Mr. Lees, Esq.
Page Two, 11/15/00


to be my only other option.  I will look forward in seeing you or await your response to my concerns as indicated in this letter.


Sincerely yours,

Mr. John F. Hale, Jr.


cc: Mrs. Vanessa Hale

January 9, 2001

Mr. John F. Hale, Jr.
#05708-088 UNIT G
F.C.I. Ashland
P.O. BOX 6001
Ashland, Ky 41105

Mr. James B. Lees, Jr., Esq.
Hunt & Kees, A Legal Corporation
2306 Kanawha Blvd. E.
P.O. BOX 2500
Charleston, WV 25329-2506

Re: <u>MEETING INQUIRY ON SENTENCING REDUCTION/FILES REQUEST</u>
CERTIFIED MAIL# 7000 0420 0013 4235 9113

Dear Mr. Lees,

I am writing you **once again** with regards to some major concerns, I have with my case, with includes, our continuous missed appointments and my financial standing with you. As my legal advocate, I have literally put my freedom; my family well being and my future in your hands. I have followed your advise and counsel without waivering from the beginning of my trial(s) and even until this very time. As most of your clients, I am a layman and do not understand the many vast laws nor the court system process. Mr. Lees, I need to know exactly what is going with my case?! I would like to recount to you about what you told me and what we had agreed upon, in your office in the spring of 1999 and days thereafter:

1). You informed me that you only took a few cases per year and that you felt my case was winnable, and your fee would be about 30 to 40 thousand dollars, but you wanted to talk to Mrs. Newbery. In our conversation, you told me that if I really wanted to win that I have to escrow 40 to 70 thousand dollars for investigation, report records and a mock jury, and I would have to be available at any time. I agreed to your terms if you could accept payments from my firm and family. These payments have been made as you requested.

In fact, you placed great emphasis on getting your money. To refresh your memory of this fact, you called my office in Cleveland on several occasions to remind me that I still owed you a balance on the bill of nearly 25 thousand dollars. I informed you that I would have to borrow the money to finish paying you but I would pay you. Two days into the trial, you again asked for the balance on the money, and my Wife gave you a check for

the balance, which totaled, $70,000.00. I had no problems with this, because I did not want you to feel cheated or me feeling under represented or being mislead. Simple principle, treat others as you wish to be treated.

2) Mr. Lees during the trial, at the time the jury was out you came over to ask how I felt, I told you O.K. You asked me to give you 25 thousand dollars in additional to the $70,000, to pay for a mock jury in the audience that we could have won and it was my fault because I would not come up with the additional funds. The pressure you placed me under left me unbalanced and a feeling of being extorted for money in which I had to say yes.

3). Mr. Lees, after the hearing of the second trial you informed me that you had <u>filed</u> an appeal. I did not realize that the appeal was before the presiding Judge, particularly since you had expressed to me that the Judge had made numerous errors. As a layman of the law, I could not see a judge for whom you said was prejudice against me, would reverse the jury verdict, regardless to what had happened. I told you right then that I wanted to appeal my case on the first trial but you refused and advised me to wait until David White, the attorney for Arlie Monk had filed his appeal and we could see how he made their pleadings. I took your advice and we did not appeal.

I have made several calls to your office about the status of my case, Arlie Monk case and when where we going to get together as you had promised we would. I spoke to Mrs. Iskra on four occasions and your secretary on two different occasions. I was informed on one call that you had just left the office and would be back; another call that you were speaking before a group of trial lawyers; another call that traveling on your campaign; another call you were coaching the church league baseball club. Each time, you were to be getting back to me in writing or arranging to come visit me, but I have yet to get a letter or a visit.

**In conclusion,** Jim, I spoke with you on some other matters of selling my stock and company in Ohio. I think that my wife also talked to you about that also. We also talked about you looking into some other civil matters that we had and you said that you needed the information to do it and it may be better if I hired an attorney in Ohio to complete that task at hand. However, I still assumed that we were on working terms, as you asked my wife for $10,000.00 to file an appeal

As I stated earlier, my family and I have relied on you and I do not feel that we could afford another attorney to represent me in this matter. I do not have away to earn money or pay anyone from jail after my family and friends have gave

-2-

up all they could to pay for your services. Jim, I am broke today.

Jim, you told me that you would get me back before Judge Faber in an effort to get me time served or a sentence reduction. I would like to know exactly where we are at.

Jim, I have put a lot of trust in you for several reasons. First of all, you impressed me as a man of your word and that you understood what I was going through with the federal government. Secondly, Mr. Fushenburg and you insisted that the each of you had a creditability as a fair and honest person and acknowledged throughout the legal community. Thirdly, and most of all, you told me that you were a lay minister of the gospel of Christ. A man of God was a stamp of approval for me.

Also, I have repeatedly asked for **my records.** I have paid for them, and I know I should be entitled to them. I do not know if our lack of communication is a result of your busy schedule but I do want and need my records. Along with my other inquiries made in this letter, I would ask that you get my records to me as soon as possible.

Sincerely yours,

Mr. John F. Hall, Jr.

-3-



**HUNT & LEES**
A LEGAL CORPORATION

2306 Kanawha Blvd. E.
P.O. Box 2506
Charleston, WV 25329-2506
(304) 344-9651
Fax (304) 343-1916

JAMES B. LEES, JR.
SHARON F. ISKRA

L. ALVIN HUNT
Of Counsel

June 7, 2001

John F. Hale, Jr.
0578-088   Unit A-1
F.P.C. Ashland
Box 6000
Ashland, KY 41105-6000

Dear John:

    I am in receipt of your letter of May 17, 2001.

    First and foremost, you advised me during the appropriate appeal period **not** to file an appeal after our discussion of the merits of such an appeal (in light of your guilty plea to certain charges). You neither tendered me payment for such an appeal or ever instructed me that you had changed your mind.

    What we discussed over the telephone was not the filing of an appeal but a Motion to reduce your sentence. It is my opinion that Judge Faber does not have jurisdiction to entertain such a Motion.

    If you believe we have somehow miscommunicated and that you have been denied an appeal, you should petition for the appointment of an attorney to file a federal habeas corpus.

    I have instructed my secretary Kathy to prepare a box to send to your location containing your file, your transcripts, and bookkeeping's record of payments to this firm.

                        Sincerely,

                          James B. Lees, Jr.

JBL/klf

Exhibit B

## CERTIFICATE OF SERVICE

I, John F. Hale Jr., Certify under the penalty of perjury that on the date below, I deposited a true copy of **PETITIONER'S RESPONSE TO PROSECUTING ATTORNEY'S RECOMMENDATION TO DENY JOHN F. HALE, JR.S MOTION TO VACATE SENTENCE PURSUANT TO 28 U.S.C. § 2255.** In the F.P.C. Ashland Mail System, with first class postage, to insure it's proper delivery to the below address:

        Mr. Michael L. Keller
      Assistant United States Attorney
            P.O. BOX 1713
      Charleston West Virginia 25326-1713

Executed On This /9 Day Of February 2002.
    "Mail-Box Rule"
Please See Federal Criminal Code And Rules.

FILED
FEB 2 6 2002
SAMUEL L. KAY, CL
District & B...

I Declare(or Certify, Vertify) Under Penalty Of Perjury that The Foregoing Is True And Correct.

                                Respectfully Submitted

                             *John F Hale*
                           John F. Hale Jr./Pro-Se
                           Reg# 05708-088-A-1
                           F.P.C. Ashland
                           P.O. Box 6000
                           Ashland KY, 41105-6000